UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| K & S SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE SCHULZ ELECTRIC GROUP OF )<br>COMPANIES, et al., )<br>)<br>Defendants. ) | Docket No. 09-cv-315-P-S |

**ORDER ON MOTIONS TO DISMISS**

Before the Court are the Motions to Dismiss of Defendant The Schulz Electric Group of Companies (the "Schulz Group") (Docket # 16) and Defendant Robert C. Davis (Docket # 17). For the reasons explained below, the Court GRANTS the Motion filed by the Schulz Group and DENIES Davis's Motion.

**I.   DEFENDANT THE SCHULZ ELECTRIC GROUP OF COMPANIES'S MOTION TO DISMISS**

The Schulz Group claims that it is not an entity capable of receiving process and moves to dismiss pursuant to Rules 4(m) and 12(b)(5). In support of its Motion, the Schulz Group has submitted the declaration of Robert C. Davis, which states that the Schulz Group is not a business entity; rather, it is "an assumed name identifying collectively, for convenience, several separate companies including Schulz Electric Company and Stultz Electric Motor and Controls, Inc." (Decl. of Robert C. Davis (Docket # 16-2) ¶¶ 4-5.)

Plaintiff admits that it can find no state in which the Schulz Group is registered as a legal entity.[1] Regardless, Plaintiff seeks discovery as to the legal status of the Schulz Group and its relationship to the other Defendants. "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Van Dusen v. Barrack, 376 U.S. 612, 615 n.1 (1964) (citing Fed. R. Civ. P. 17(b)). As the Schulz Group is not a registered corporation, its capacity to be sued is determined by the law of this district. In Maine, an unincorporated association generally "does not have capacity to sue or be sued in its own name, absent specific statutory authorization." Tisdale v. Rawson, 2003 ME 68, ¶ 15, 822 A.2d 1136, 1140 (citing Gulick v. Bd. of Envtl. Prot., 452 A.2d 1202, 1202-03 n.1 (Me. 1982)). There is no evidence that the Schulz Group has statutory authorization to participate in litigation.[2]

Plaintiff points to the Schulz Group's website as supporting the contention that it had a good-faith basis for believing that the Schulz Group was a legal entity. Plaintiff has submitted evidence of a business card bearing the logo for the Schulz Group and correspondence that references the "Schulz family of electric companies." Nothing in this evidence, however, suggests that the Schulz Group is an independent legal entity capable of being sued. See Uniscope, Inc. v. Tembec Btlsr, Inc., No. 07-cv-2143-WDM-KMT, 2008 WL 4830909, at *3 (D. Colo. Nov. 5, 2008) (finding that a group's name on

---

[1] The Court notes that Plaintiff's Response to the Schulz Group's and Davis's Motions to Dismiss (Docket # 19) raises no argument in opposition to the Schulz Group's contention that it was not properly served. In fact, Plaintiff's response fails to mention Rule 12(b)(5) and/or Rule 4(m) altogether.

[2] Maine law grants various organizational forms the capacity to sue or be sued. See, e.g., ME. REV. STAT. ANN. tit. 9B, § 412 (financial institutions organized under chapters 31 and 32); ME. REV. STAT. ANN. tit. 13-B, § 202 (non-profit corporations); ME. REV. STAT. ANN. tit. 31, § 1035 (partnerships). Plaintiff has failed to show (or even allege) that the Schulz Group falls within any group statutorily authorized to participate in litigation.

stationary and business cards did not entitle plaintiff to discovery on whether that group had the capacity to be sued).

The Court finds that "The Schulz Electric Group of Companies" is not a legal entity capable of being sued.  Accordingly, its Motion to Dismiss is granted.  If desired, Plaintiff may request leave to amend its Complaint to join the individual companies that purportedly make up the Schulz Group.  See Comstock v. Pfizer Ret. Annuity Plan, 524 F. Supp. 999, 1002 (D. Mass. 1981) (allowing leave to amend complaint when defendant lacked legal capacity to be sued); Tisdale, 2003 ME 68, ¶ 16, 822 A.2d at 1140 (noting that the Superior Court properly substituted the real party in interest when named plaintiff was an unincorporated association that lacked the capacity to sue).

## II.  DEFENDANT ROBERT DAVIS'S MOTION TO DISMISS

Defendant Robert Davis has filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6).  Davis argues that Plaintiff's Complaint alleges only that Davis acted in his representative capacity and "provides no plausible basis for individual liability."  (Mot. to Dismiss (Docket # 17) at 1.)

### A.  Applicable Legal Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a complaint.  Gomes v. Univ. of Me. Sys., 304 F. Supp. 2d 117, 120 (D. Me. 2004).  The general rules of pleading require "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and alteration omitted).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation omitted).

The Court must accept as true all well-pleaded factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In distinguishing sufficient from insufficient pleadings, which is "a context-specific task," the Court must "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

### B. Factual Background

The only factual allegations in Plaintiff's Complaint that relate to Davis are as follows:

> 18. In 2005, the parties began negotiating new terms for their relationship. On March 23, 2005, Robert C. Davis, purporting to represent the Schulz Group and/or Schulz and/or Stultz, sent a letter to Tom McCurley at K&S regarding those negotiations, including an offer of an additional 3% pricing discount to K&S. [3/23/05 Letter, Exhibit E.]
>
> 19. On May 5, 2005, K&S responded to Mr. Davis with a letter accepting the 23% discount. [5/5/05 Letter, Exhibit F].
>
> . . .
>
> 25. In 2009, K&S approached Mr. Davis about obtaining the discount which it had not received for the invoices paid since 2003. Mr. Davis refused to pay the discounts even though they were required by the parties' contract.

(Compl. at 4-5.)  Exhibit E to the Complaint is a letter from "Robert C. Davis, President" to Plaintiff offering an additional three percent discount on any work performed for Plaintiff by "Schulz."  Exhibit F is a letter from Plaintiff to "Robert C. Davis" at "The Schulz Electric Co." regarding a proposed contract between Plaintiff and "Schulz Electric."  Based on these factual allegations, Plaintiff brings claims of breach of contract and promissory estoppel against Davis individually. (Id. at 9-10.)

**C.     Discussion**

Davis contends that Plaintiff has failed to state a claim against him individually because all of the allegations in the Complaint "pertain to him acting in his representative capacity."  (Mot. to Dismiss at 3.)  Plaintiff opposes the motion arguing that it is at least plausible that Davis is personally liable on the contract.  (K&S Br. in Resp. (Docket # 19) at 4.)

Generally, an agent is not personally liable for contracts entered into on behalf of a disclosed principal.  See County Forest Prods., Inc. v. Green Mountain Agency, Inc., 2000 ME 161, ¶ 42, 758 A.2d 59, 69.  However, "an agent who makes a contract for an undisclosed or a partially disclosed principal will be liable as a party to the contract." Maine Farmers Exch. v. McGillicuddy, 1997 ME 153, ¶ 10, 697 A.2d 1266, 1269.  To avoid personal liability on a contract, the agent "must disclose not only that he is an agent but also the identity of the principal."  Id.    Moreover, a purported agent who makes a contract on behalf of a purported principal who the agent knows or has reason to know does not exist or lacks the capacity to enter into a contract can become personally liable on that contract.  See RESTATEMENT (THIRD) OF AGENCY § 6.04 (2006).

Attached to the Complaint[3] in this case is a letter to Plaintiff dated March 23, 2005, which contains the following signature block:

Best Regards,


Robert C. Davis
President

(Compl. ex. E.) The only reference to the principal on whose behalf Davis is acting as president is a single mention of "Schulz." The letter unsigned, is not on corporate letterhead, and has no return address.[4] It offers Plaintiff an additional three percent discount on all work performed by "Schulz."

On May 5, 2005, Plaintiff sent a letter to Davis at "The Schulz Electric Co." presenting an agreement between Plaintiff and "Schulz Electric." (Compl. ex. F.) The fact that this letter appears to be responding to Davis's March 23rd letter and is addressed to Davis at Schulz Electric Company suggests that Plaintiff knew Davis was representing Schulz Electric in the March 23rd letter. If Plaintiff knew that Davis was acting on behalf of Schulz Electric, then Davis was acting on behalf of a disclosed principal and he would not be personally liable on the contract. See Frost v. Drew, 586 A.2d 1242, 1243 (Me. 1991) (finding that the agent was not personally liable on a contract when the third-party knew or should have known that the agent was acting on behalf of a disclosed principal).

---

[3] A court may consider documents that are "a part of or incorporated into the complaint" in considering a Rule 12(b)(6) motion. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). Thus, the applicable record consists of the Complaint as well as all attachments.

[4] Although the letter submitted to the Court as exhibit E appears to be a file copy rather than the original, Defendants have not objected to the document's authenticity or argued that it is not an accurate representation of the March 23, 2005 letter from Davis to Plaintiff.

6

However, on a Rule 12(b)(6) motion, the Court must view all facts in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's favor. In the context of this case, the sole reference to "Schulz" as Davis's principal in the March 23rd letter is sufficiently ambiguous to allow Plaintiff's claims against Davis individually to proceed. Because the Schulz Group is not a registered corporation, if Davis was purporting to represent the Schulz Group during contract negotiations, Davis could be personally liable on the contract. See Treadwell v. J.D. Const. Co., 2007 ME 150, ¶ 22, 938 A.2d 794, 799 (citing Atlantic Salmon v. Curran, 591 N.E. 2d 206, 207 (Mass. App. Ct. 1992) for the proposition that an agent acting on behalf of a non-existent corporation was personally liable for the debt).

Accordingly, Plaintiff's Complaint states a plausible cause of action, which is all that is required at this stage in the litigation. On summary judgment, after the record has been developed through discovery, this issue should be easily resolved.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss by Defendant "The Schulz Group of Electric Companies" (Docket # 16) is GRANTED and Counts I, II, and III of Plaintiff's Complaint are DISMISSED WITH PREJUDICE. Defendant Robert C. Davis's Motion to Dismiss (Docket # 17) is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of November, 2009.